IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HECTOR ARTURO REA-PONCE, § | |
| # 54869-177, § | |
|     Movant, § | |
| § | |
| v. § | Civil No. 3:18-CV-1155-M-BK |
| § | (Criminal No. 3:16-CR-193-M-1) |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Hector Arturo Rea-Ponce's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition. As detailed herein, the Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

On July 26, 2016, Rea-Ponce pleaded guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), Crim. Doc. 16, and was sentenced to 72 months' imprisonment on December 21, 2016, Crim. Doc. 36 at 12. On November 10, 2017, the Court of Appeals for the Fifth Circuit affirmed Rea-Ponce's conviction and sentence. Crim. Doc. 39. The Supreme Court subsequently denied Rea-Ponce's petition for a writ of certiorari on March 19, 2018. *Rea-Ponce v. United States*, 138 S. Ct. 1307 (2018).

Rea-Ponce timely filed the instant section 2255 motion on May 7, 2018. Doc. 2. He claims that: (1) the Court erred in calculating his sentencing guideline range by including a 10-level enhancement for a prior conviction that did not constitute a crime of violence; and (2) his

trial counsel was ineffective for failing to object to the erroneous 10-level enhancement at sentencing and his appellate counsel was ineffective for failing to raise the issue on appeal. Doc. 2 at 2, 12, 21. The Government filed a response in opposition Doc. 6, to which Rea-Ponce filed a reply, Doc. 7.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994) (internal citation omitted). Moreover, claims that could have been raised on direct appeal, but were not, are procedurally defaulted and may not be asserted in section 2255 proceedings, absent a showing of cause and prejudice, or that the petitioner is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)).

### A. Calculation of Sentencing Guideline Range Claim

Rea-Ponce's claim that the Court erred by imposing a 10-level enhancement under USSG § 2L1.2 for his prior Texas robbery conviction because it does not qualify as a crime of violence, Doc. 2 at 12-21, is procedurally barred because he failed to raise it on direct appeal. *See Initial*

*Brief of Defendant-Appellant*, No. 17-10016, 2017 WL 2828511 (June 21, 2017). On direct appeal, he argued only that he was wrongly "subject[ed] to the sentencing enhancement under 8 U.S.C. § 1326(b)(2), which increases the maximum penalty if the removal occurred after certain prior convictions." *Id*. at *1; *United States v. Rea-Ponce*, 701 F. App'x 368 (5th Cir. 2017). Moreover, Rea-Ponce has not demonstrated (or even argued) cause and prejudice for his default; nor has he claimed that he is "actually innocent" of the offense of conviction. *See Logan*, 135 F.3d at 355.

### B. Ineffective Assistance of Counsel Claim

In a related claim, Rea-Ponce contends his trial counsel was ineffective for failing to object to the 10-level guideline enhancement for conviction of a prior crime of violence. Doc. 2 at 23. To establish ineffective assistance of counsel, Rea-Ponce must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Rea-Ponce demonstrates neither deficient performance nor prejudice.

Rea-Ponce's premise that his guideline calculation included a ten-level increase for his prior robbery conviction because that prior was a crime of violence, Doc. 2 at 22, is faulty. The Presentence Report (PSR) filed on October 5, 2016, utilized the November 1, 2015 Sentencing Guidelines Manual. Crim. Doc. at 5 ¶ 18. However, on November 4, 2016, the probation officer filed an Addendum to the PSR utilizing the 2016 Sentencing Guidelines Manual. Crim. Doc. 23. The revised calculations in the PSR Addendum omitted the 16-level increase for prior conviction of a felony crime of violence that had been included in the PSR. Instead, the PSR Addendum added 10 levels based on Rea-Ponce's prior conviction for a felony offense (other than an illegal

3

reentry offense) for which the sentence imposed was five years or more.  *Compare* Crim. Doc. 21-1 at 5 ¶ 20 with Crim. Doc. 23-1 at 2 ¶ 21.  That enhancement is not based on the prior felony being a crime of violence, but on the length of the imprisonment term imposed upon conviction of it.  Thus, any objection on that basis would have been frivolous, and trial counsel was not ineffective for failing to raise it.  *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (counsel is not required to make futile motions or frivolous objections).  For the same reasons, appellate counsel was not ineffective for failing to raise the issue on appeal.[1]

### C. Ex Post Facto Claim

In his reply brief, Rea-Ponce argues for the first time that the government's use of the sentencing guidelines that were in effect at the time of his sentencing hearing, rather than those in effect at the time of his offense, "raises *ex post facto* issues."  *See* Doc. 7 at 2, 8.  However, claims raised in a section 2255 proceeding for the first time in a reply brief need not be considered by the Court.  *See Cervantes*, 132 F.3d at 1110 (a district court does not abuse discretion in refusing to consider new issues in a section 2255 reply brief after the government filed its response).  In any event, Rea-Ponce's argument has no merit.

"The Constitution forbids the passage of *ex post facto* laws, a category that includes every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."  *Peugh v. United States*, 569 U.S. 530, 532-33 (2013).  This rule applies to the Sentencing Guidelines.  *See id.* at 550. ( "the *Ex Post Facto* Clause forbids the [government] to enhance the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range").  However, as already detailed here, the probation

---

[1] Rea-Ponce also comments that this issue was not raised on appeal because "[appellate] counsel was ineffective," Doc. 2 at 10, but he did not brief the issue.

4

officer's use of the 2016 edition of the Sentencing Guidelines Manual in the PSR Addendum calculations, rather than the 2015 edition that had been used in the PSR, did not result in a higher guideline range. The PSR calculations under the 2015 edition resulted in a guideline imprisonment range of 77-96 months, Crim. Doc. 21-1 at at 13 ¶ 59, while the PSR Addendum calculations under the 2016 edition resulted in a guideline imprisonment range of 63-78 months, Crim. Doc. 23-1 at 4 ¶ 59. Thus, there was no *ex post facto* violation. Again, Rea-Ponce is mistaken in his underlying premise that the Court's included a 10-level enhancement for his prior conviction of a crime of violence in its calculation of his guideline range.

### III. CONCLUSION

For the foregoing reasons, Rea Ponce's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 26, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).